UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC ANTHONY LITTLE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>BRIAN E. WILLIAMS, et al.,<br><br>　　　　　Respondents. | Case No. 2:12-cv-01184-MMD-PAL<br><br>ORDER |

Eric Anthony Little, a Nevada prisoner, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 1) and has now paid the filing fee (dkt. no. 5). The petition shall be served upon respondents. However, respondents will not be required to file an answer to the petition at this time because it appears from the Court's preliminary review that the petition was submitted outside the applicable limitations period and may be subject to dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Before such a dismissal, the petitioner shall be given an opportunity to demonstrate that the petition is timely filed. Respondents will be given an opportunity to respond to any arguments petitioner may have.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one year time limitation runs from the date on which a petitioner's judgment becomes final by conclusion of direct review, or upon the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Furthermore, a properly filed

1  petition for state post-conviction relief can toll the period of limitations.  28 U.S.C. §
2  2244(d)(2).
3      According to the habeas petition, petitioner was convicted on March 28, 2006.
4  Petitioner's direct appeal became final on July 15, 2010.  *See* Petition, p. 1, items 2 and
5  4.  According to the petition, petitioner filed a state habeas corpus action on September
6  9, 2008, and review of that petition also concluded on July 15, 2010.  The time period
7  between the date the conviction became final and the date the state habeas petition
8  was filed would not normally have been tolled.  However, it is unclear from the face of
9  the petition what occurred between the date of his conviction and the entry of the
10 decision on the appeal from the state habeas petition.  The Court is unable to calculate
11 how much time, if any, may have elapsed.  However, at a minimum, the limitations
12 period did begin to run on July 15, 2010, which means petitioner would have until July
13 15, 201 to file his petition for federal habeas corpus relief.
14     According to the response to questions in the petition and the documents
15 attached to it, petitioner filed a motion for sentence modification on or about July 11,
16 2011, four days before expiration of the one year status of limitations.  *See* Order of
17 Affirmance, appended as an exhibit to petition.  The appeal of that decision was decided
18 on April 11, 2012, with remittitur issuing on May 8, 2012.  Because petitioner had only
19 four days remaining from his one-year limitations period, petitioner would have to file his
20 habeas corpus petition with this court by May 12, 2012.  However, petitioner signed and
21 delivered his federal petition to officials for mailing on June 29, 2012, which is deemed
22 the date of filing.  *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988)
23 (petitioner is deemed to have filed the petition at the time petitioner delivered it to the
24 prison authorities for forwarding to the court clerk).  Thus, federal petition was filed 52
25 days after the remittitur issued on his appeal, and 48 days after expiration of the one-
26 year statute of limitations.   In other words, petitioner filed his current petition 48 days
27 late.
28 ///

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his rights and some extraordinary circumstance made it impossible to file a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)*; see also Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998).  Petitioner will be given the opportunity to show that either the instant petition was filed within the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitations.

IT IS THEREFORE ORDERED that the Clerk shall SERVE a copy of the petition for writ of habeas corpus (and a copy of this order) upon respondents by certified mail.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the entry of this Order to file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitations or that he is entitled to equitable tolling of the time period.

IT IS FURTHER ORDERED that respondents may have twenty (20) days to file a response to petitioner's arguments. If petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period, the Court will enter an order dismissing the petition.

ENTERED THIS 3rd day of October 2012.

_____
UNITED STATES DISTRICT JUDGE