UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ERIC ANTHONY LITTLE, | Case No. 2:12-cv-01184-MMD-PAL |
|---|---|
| Petitioner, | |
| v. | ORDER |
| BRIAN E. WILLIAMS, et al., | |
| Respondents. | |

Eric Anthony Little, a Nevada prisoner, was required to respond to this Court's order to show cause why his petition should not be dismissed as untimely. (Dkt. no. 6.) Petitioner has filed his response (dkt. no. 12) and respondents have replied (dkt. no. 12).

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). Based on the limited information provided on the fact of the petition, the Court concluded that the statute of limitations commenced on July 15, 2010, which means petitioner would have until July 14, 2011, to file his petition for federal habeas corpus relief. According to the petition, it was handed to prison officials for mailing on June 29, 2012. *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988) (petitioner is deemed to have filed the petition at the time petitioner delivered it to the prison authorities for forwarding to the court clerk).

1    In response to the Court's order, petitioner argues that he was in disciplinary segregation between June 9, 2011, and March 29, 2012, and during that time he was unable to access any legal assistance or law library research materials. He further alleges that as soon as he was released from the segregated housing, he commenced working diligently on his federal petition.

Respondents argue that the petition is untimely and that petitioner is not entitled to either statutory or equitable tolling of the one-year period. Respondents have supported their argument that the petition is untimely and that it should be dismissed with various state court records. These records provide the history of petitioner's state court proceedings.

Petitioner was convicted following a jury trial and the judgment of conviction was entered March 28, 2006. (Exh. 25.[1]) He did not file a direct appeal. On August 1, 2006, petitioner filed a motion to dismiss counsel and appoint new counsel. Exh. 26. Thereafter, on March 15, 2007, new counsel was appointed (Exh. 27) and a hearing/status check was set in the state district court for August 14, 2007. (Exh. 29.) The exact nature of these proceedings is not clear from the documents provided. However, an evidentiary hearing was set in the state court for October 16, 2007, Exh. 31, and counsel moved for the preparation of transcripts to assist him in "preparing a brief for appeal in this matter." Exh. 33. Later documents show that counsel was preparing a petition for post-conviction relief. Exh. 38.

On September 9, 2008, counsel filed "Supplemental Points and Authorities in Support of Petition for Writ of Habeas Corpus (Post Conviction)" in petitioner's case. (Exh. 41.) That brief indicates a "*Lozada*"[2] hearing resulted in a stipulation with the state

---

[1] The exhibits referenced in this order were submitted by respondents in support of their reply to the order to show cause. The exhibits are found in the Court's docket at entries 14 through 17.

[2] *Lozada v. Nevada*, 110 Nev. 349, 871 P.2d 944 (1994) (finding that a procedural bar to raising claims appropriate to direct appeal could be overcome by a substantial
*(fn. cont...)*

2

that petitioner had been deprived of his direct appeal and that he was entitled to bring any appeal claims in the petition. *Id.*, p. 2.

Ultimately, the state district court entertained all of petitioner's claims, including those appropriate for direct appeal, but denied relief in a written order entered January 5, 2009. Exh.45. A timely appeal of this order was filed (Exh. 46), and after full briefing the Nevada Supreme Court ordered petitioner to show cause why the petition should not have been dismissed under Nev. Rev. Stat. (NRS) § 34.726 as untimely. (Exh. 54.) After reviewing petitioner's response, on July 15, 2010, the state high court affirmed the lower court's denial of relief, but on the basis that the petition was untimely. (Exh. 56, pp. 1-2.[3])

As noted above, the instant federal habeas petition was handed to prison officials on July 29, 20012. (Dkt. no. 1, p. 1, item 5.) This date is more than two years after the entry of the Nevada Supreme Court's order of affirmance. Therefore, only if petitioner is entitled to statutory or equitable tolling of the one-year period, will this Court entertain the claims raised.

Statutory Tolling

The one year time limitation on filing a federal habeas corpus petition runs from the date on which a petitioner's judgment becomes final by conclusion of direct review, or upon the expiration of the time allowed for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on April 27, 2006, thirty (30) days after the entry of his judgment of conviction because he did not file a direct appeal within that period of time. *See* Nev. R. App. Pro. 4(b); Nevada Supreme Court Rules, Rule 250; *see also Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) (holding that for petitioners

---

(…fn. cont.)
claim that the defendant had been deprived of his appeal due to counsel's failure to file a notice of appeal without the defendant's consent).

[3]The Nevada Supreme Court also addressed the merits of his claims, "[a]s a separate and independent ground for affirming the district court's order." Exh. 56 at 2.

1 who do not seek direct review, the judgment becomes final at the expiration of the time
2 for seeking such review); *see also Jimenez v. Quarterman*, 555 U.S. 113, 120-21, 129
3 S.Ct. 681 (2009) (finding the conviction became final at conclusion of court granted "out-
4 of-time" direct appeal or at the expiration of time for seeking review of that appeal).

5 A properly filed petition for state post-conviction relief can toll the period of
6 limitations. 28 U.S.C. § 2244(d)(2). To qualify for statutory tolling during the time the
7 petitioner is pursuing collateral review in the state courts, the first state habeas petition
8 must be filed before the expiration of AEDPA's one-year limitation period. *Ferguson v.*
9 *Palmateer*, 321 F.3d 820, 823 (9th Cir.2003) ("[S]ection 2254 does not permit the
10 reinitiation of the limitation period that has ended before the state petition was filed");
11 *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001) (stating that filing of state petition after
12 AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v.*
13 *Moore*, 199 F.3d 1256, 1259 (11th Cir.2000) ("A state-court petition [ ] that is filed
14 following the expiration of the limitations period cannot toll that period because there is
15 no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.2001).

16 In petitioner's case, the clock started on April 27, 2006, and ran until it expired
17 on April 26, 2007, because he did not have a properly filed post-conviction petition
18 before the state courts before that date. Only "applications" for state post-conviction or
19 other collateral review warrant tolling of the limitations period. *See Sibley v. Culliver,*
20 377 F.3d 1196, 1200-01 (11th Cir. 2004). The August 1, 2006, motion to dismiss counsel
21 did not toll the limitations period because it did not seek review of the conviction or
22 sentence. In addition, the petition that was filed by counsel on September 9, 2008 was
23 found to be untimely by the Nevada Supreme Court and it was denied on that basis.
24 (Exh. 56 at 1-2.) An untimely petition is not properly filed for purposes of tolling the
25 statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

26 The 2008 supplemental petition could not toll an already expired statute of
27 limitation.
28 ///

Equitable Tolling

Equitable tolling of the 28 U.S.C. § 2244(d) limitations period is available in certain circumstances. *See Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). A petitioner may be entitled to equitable tolling if he can establish that he diligently pursued his rights and some extraordinary circumstance made it impossible to file a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. at 418*; see also Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998).

A petitioner is entitled to a later statute of limitations start date if an unconstitutional or unlawful state action prevented the filing of a timely petition. 28 U.S.C. § 2244(d)(1)(B). However, "the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Schriro*, 499 F.3d 1056, 1060 (9th Cir.2007); *see also Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (inmate must prove a relevant actual injury when arguing that a prison law library's inadequacies prevented him from pursuing a legal claim).

Petitioner argues that he is entitled to equitable tolling because he was in disciplinary segregation between June 9, 2011, and March 29, 2012. He asserts that he acted diligently to pursue his federal habeas petition after he was released from disciplinary segregation.

First and foremost, petitioner offers nothing to establish that he is entitled to tolling prior to the actual expiration of the limitations period between April 27, 2006 and April 26, 2007. Petitioner cannot rely on his lack of access to legal resources and assistance during segregation to invoke equitable tolling because the statute of limitations had expired on April 26, 2007, long before petitioner was sent to segregated housing. Petitioner's assertions that he acted diligently *after* he was released from segregation are also inadequate. He provides no specifics about the actions he took at that point, other than indicating he

///

1  "immediately began the access process used" in the prison to research and file his petition.

2  Petitioner has failed to demonstrate that he was faced with some extraordinary circumstance which prevented him from filing his federal habeas petition in a timely manner. Neither has he demonstrated he acted diligently in pursuing his collateral review during the year following the finalization of his conviction. Petitioner is not entitled to equitable tolling of the statute of limitations imposed by 28 U.S.C. § 2244(d). The petition will be dismissed.

An appeal of this decision requires issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22. Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). This Court has considered the issues raised by petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability. The Court has also considered whether this procedural ruling would be debatable among jurist of reason and determines that would not be the case. The Court will therefore deny petitioner a certificate of appealability.

IT IS THEREFORE ORDERED that the Clerk shall detach and file the petition (dkt. no. 1), which is DISMISSED WITH PREJUDICE as untimely. No certificate of appealability will issue. The Clerk shall enter judgment accordingly.

DATED this 7th day of August 2013

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE